IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:11-CR-208-WKW |
| | ) |
| LEE ANTHONY LOVVORN | ) |

# **ORDER**

Before the court are the Recommendation of the Magistrate Judge and Defendant's objections. (Docs. # 26, 29.) Upon an independent and *de novo* review of the Recommendation, *see* 28 U.S.C. § 636(b)(1), the transcript of the hearing, and the arguments of counsel for Mr. Lovvorn, the court finds that the objections are due to be overruled and that the motion to suppress is due to be denied.

Mr. Lovvorn's analysis is based almost entirely on a technique of impeaching the affidavits in support of a search warrant based on an examination of the affiants some twenty-seven months later at the suppression hearing. The analysis fails, however, to focus on the truth of the allegations that were before the judge issuing the warrant. Mr. Lovvorn avers that material evidence omitted from the affidavits would call into question the conclusion that probable cause existed. The magistrate judge properly addressed the two arguments that the observations of Mrs. Lovvorn, the affiant, were stale.

In his objections, Mr. Lovvorn also argues that the fact that the Lovvorns were embroiled in an ugly divorce and custody battle should have been disclosed to the state district judge. Both affidavits refer to the "temporary custody" of the child being with Mr. Lovvorn, a statement that would have informed a state court judge who routinely handles contested child custody matters that a custody battle was in progress. There is no merit to this argument.

Mr. Lovvorn also stresses inconsistencies in the investigator's testimony at the suppression hearing to undergird his arguments of lack of good faith, lack of probable cause, and intentional misstatements by the investigator. Despite having been corrected at the hearing (Doc. # 24, at 100), and notwithstanding the plain language of the investigator's affidavit, counsel for Mr. Lovvorn persists in alleging that "Investigator Knowles recklessly and intentionally misstated that Ms. Lovvorn stated that she saw the images on December 3, 2009, the day before he applied for the search warrant" (Doc. # 29 at 11). The implication is that the misstatement is in the affidavit, when it clearly is not. Because Mr. Lovvorn builds much of his objection on this misstatement, his argument collapses for lack of any truth in it.

Mr. Lovvorn's other objections are without merit and warrant no discussion.

Accordingly, it is ORDERED that Defendant's objections (Doc. # 29) are OVERRULED, that the Recommendation (Doc. # 26) is ADOPTED, and that the motion to suppress (Doc. # 15) is DENIED.

DONE this 29th day of August, 2012.

      /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE